UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B.,<br><br>      Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>      Defendants. | Case No.: 1:20-cv-1337- NONE JLT<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR RELIEF FROM THE GOVERNMENT TORT CLAIM PRESENTATION REQUIREMENT<br><br>(Doc. 11) |

       Plaintiff A.B. asserts that in February 2019, her rights arising under federal and state law were violated by Deputy Michael Clark and the County of Kern. She contends she suffered gender violence in and sexual battery in violation of California law, as well as several civil rights violations. (*See generally* Doc. 13) Plaintiff seeks relief from the government tort claim presentation requirement pursuant to Cal. Gov't Code § 946.6. (Doc. 11) The County opposes the motion, arguing Plaintiff's failure to comply with the tort claim deadline was not due to excusable neglect or subject to estoppel. (Doc. 17) Because this Court lacks authority to grant the relief requested under Section 946.6, the Court recommends Plaintiff's motion be **DENIED**.[1]

**I.     Background**

---

[1] Because the Court concludes it lacks jurisdiction over this petition, the hearing on the petition is VACATED.

1

Plaintiff alleges that on February 14, 2019, defendant Clark and other deputies with the Kern County Sheriff's Department arrived at her residence at approximately 1:30 a.m. (Doc. 13 at 7, ¶ 14(c)) She asserts the deputies, including Clark, "conducted a search of Plaintiff's residence," after which the deputies "announced that they would be placing Plaintiff under arrest." (*Id.*, ¶ 14(e)-(f)) According to Plaintiff, "Clark handcuffed Plaintiff and performed a body search in the presence of the remaining deputies." (*Id.*, ¶14(g), emphasis omitted) She alleges that during the body search, "Deputy DOE 1, asked Plaintiff 'Are you sure you still want to testify?'" (*Id.*)

Plaintiff asserts Clark then "took Plaintiff to his patrol vehicle," where Clark "opened the rear door, pushed Plaintiff against the car, and performed another search of Plaintiff's body." (Doc. 13 at 8, ¶ 14(h)) She alleges Clark "touched, rubbed, stroked, grabbed, groped, fondled, and/or molested Plaintiff's vagina and breasts." (*Id.*, ¶ 14(i)) In addition, Plaintiff asserts that Clark "put his finger down the rim of [her] pants." (*Id.*, ¶14(j))

According to Plaintiff, Clark and unidentified deputies "transported Plaintiff in the patrol vehicle to a parking lot," after driving "for about 30 to 45 minutes." (Doc. 13 at 8, ¶14(k)) She asserts that she informed the deputies "that she was not feeling well and that she suffered from hypoglycemia." (*Id.*) Plaintiff alleges Clark exited the vehicle and Plaintiff was left "inside with all windows closed and the heater on high for approximately twenty minutes." (*Id.*) In addition, she asserts the deputy identified as "DOE 1" then yelled "fuck you!" at Plaintiff "and walked away laughing." (*Id.*) She alleges that once transported to the jail, she was held "for 38 hours," during which time the deputies "failed to provide Plaintiff with any food or water…, although she made several requests for such" and informed them of her hypoglycemia. (*Id.* at 8-9, ¶14(l)) Plaintiff asserts the deprivation of food and water was "intentionally engineered by the Sheriff's deputies and other County employees to intimidate and harass her." (Doc. 11 at 8, citing A.B. Decl. ¶3(f))

Plaintiff alleges Defendants—including the County, Clark and unidentified "Doe" deputies— "threatened and intimidated Plaintiff to commit violence against Plaintiff, threatened to retaliate against Plaintiff and/or Plaintiff's boyfriend if she told anyone about his actions." (Doc. 13 at 9, ¶ 14(m)) In addition, she asserts Defendants "threatened, intimidated, instructed, mislead, and/or otherwise affirmatively represented to Plaintiff not to file any claim or tell anyone about Defendant [Michael

2

Clark's] actions, intended to prevent Plaintiff from timely filing a claim, and/or otherwise deterred Plaintiff from filing a claim." (*Id., ¶*14(n))  She contends that after February 14, 2019, "the Sheriff's Department continued to actively harass and intimidate Petitioner the rest of the year." (Doc. 11 at 8, citing A.B. Decl. ¶3(g)).  For example, Plaintiff reports that she and "her boyfriend were pulled over by deputies near Hart Park without justification and searched" in October 2019.  (*Id.*) Plaintiff alleges the "threats and intimidation did in fact induce and otherwise estop [her] from timely filing a claim or telling anyone" about the actions of Clark.  (Doc. 13 at 9, *¶*14(o))

Plaintiff alleges she "felt it was safe enough to come forward once Defendant Michael Clark was arrested and let from the Kern County Sheriff's Office." (Doc. 13 at 9, ¶ 14(p))  On February 13, 2020, Plaintiff submitted an application to present a late claim, one day before the expiration of the statutory deadline identified in Cal. Gov't Code § 991.4.  (*Id.* at 6, ¶ 13)  Plaintiff reports her "application for Leave to Present a Claim [was denied] on February 21, 2020." (*Id.*)

On August 18, 2020, Plaintiff filed a complaint against the County, Clark, and "Doe" deputies in Kern County Superior Court, Case No. BCV-20-101930.[2] (*See* Doc. 2 at 4)  The following day, Plaintiff filed a "Petition for Relief from Government Tort Claim Presentation Requirements," which was set for hearing on September 21, 2020.  The County was served with the summons and complaint on August 20, 2020.  (Doc. 2 at 2, 4) Defendants filed a Notice of Removal on September 18, 2020, thereby initiating the matter before the Court.  (Doc. 2)  At that time, the state court had not addressed Plaintiff's petition under Section 946.6.

After Plaintiff filed the petition now pending before the Court, she filed a First Amended Complaint. (Doc. 11)  Based upon the foregoing facts, Plaintiff seeks to hold the Defendants liable for the following causes of action: (1) violation of her civil rights under 42 U.S.C. § 1983; (2) gender violence in violation of Cal. Civil Code § 54.2; (3) violation of her rights under Cal. Civil Code § 51.9; (4) violation of California's Unruh Civil Rights Act; (5) negligent hiring, training, retention,

---

[2] The Court takes judicial notice of the Kern County Superior Court docket in Case No. BCV-20-101930, including the filing dates and documents publicly available. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice may be taken of "undisputed matters of public record, including documents on file in federal or state courts"). This docket is available at http://www.kern.courts.ca/gov.

3

supervision, and/or discipline; (6) assault; (7) intentional infliction of emotional distress; (8) conspiracy; and (9) sexual battery in violation of Cal. Civil Code § 1708.  (*See* Doc. 13 at 2-3, 11-20)

The County filed its opposition to the petition for relief from the government tort claim requirement on October 21, 2020 (Doc. 17), to which Plaintiff filed a reply on November 3, 2020 (Doc. 20). The Count has also moved to dismiss several causes of action from the First Amended Complaint on the grounds that Plaintiff failed to comply with the California Government Claims Act.  (Doc. 18) The motion to dismiss remains pending before the Court.

## II.     Presentation of Tort Claims

The California Government Claims Act ("the Act") requires the timely presentation of a written claim and the government entity's rejection of the claim, in whole or in part.  Cal. Gov't Code § 905; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). This requirement applies to both individual and official capacity claims against employees of public entities. *See* Cal. Gov't Code § 950.2 ("a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred…"); *see also Williams v. Alcala*, 2018 WL 4039954 at *1 n.1 (E.D. Cal. Aug. 22, 2018).

A government tort claim must be presented to the public entity no later than six months after the cause of action accrues. Cal. Gov't Code § 911.2(a). A plaintiff must allege facts demonstrating either compliance with the Act requirement, or an excuse for noncompliance as an essential element of the cause of action. *State of California v. Superior Court (Bodde)*, 32 Cal. 4th 1234, 1243-44 (2004). Failure to allege compliance— or an excuse for noncompliance— constitutes a failure to state a cause of action and subjects such claims to dismissal. *See id.*  However, a party may make a written application for leave to present a late claim to the public entity, within one year of accrual of the cause of action.  Cal. Gov't Code § 911.4(b).

"If an application for leave to present a claim is denied or deemed to be denied … a petition may be made to the court for an order relieving the petitioner from Section 945.4," within six months after the application is denied or deemed denied. Cal. Gov't Code §946.6; *see also Rason v. Santa Barbara City Housing Authority*, 201 Cal.App.3d 817, 823 (1988). Thus, when a "public entity denies

an application for leave to file a late claim," the only recourse is to "obtain a court order for relief from the requirements of the claims act before filing suit." *City of Los Angeles v. Superior Court*, 14 Cal. App. 4th 621, 627 (1993). The Act specifies: "The proper court for filing the petition is a superior court that would be a proper court for the trial of an action on the cause of action to which the claim relates." Cal. Gov. Code § 946.6(a).

### III.   Discussion and Analysis

Plaintiff seeks relief pursuant to Section 946.6 from the government tort claim presentation requirements.  However, courts in the Ninth Circuit—including this Court—determined the district court lacks jurisdiction to grant relief under Section 946.6.  *See, e.g., Luers v. Smith,* 941 F.Supp.105, 107-08 (C.D. Cal. 1996) (concluding Section 946.6 petitions are separate civil actions, and the legislature did not intend for federal courts to hear Section 946.6 petitions); *Hernandez v. McClanahan*, 996 F.Supp. 975, 977-98 (N.D. Cal. 1998) (finding the district court "lacks subject matter jurisdiction to consider section 946.6 petitions," and "section 946.6 petitions must be left to the state judiciary"); *Ludavico v. Sacramento County*, 2009 WL 616868 at *5 n.8  (E.D. Cal. Mar. 11, 2009) ("[t]he power to grant such relief is reserved to the state superior courts pursuant to California Government Code § 946.6"); *Garza v. Alvara*, 2016 WL 4921542 (E.D. Cal., July 8, 2016) (federal courts do not have jurisdiction over § 946.6 petitions), *adopted* 2016 WL 4899676 at *2 (E.D. Cal. Sept. 14, 2016) ("a petition for relief from the claim presentation requirements of the Government Claims Act must be filed in a proper state court"); *Cherry v. Tyler*, 2019 WL 1060045 at *12 (E.D. Cal. Mar. 6, 2019) ("federal courts do not have jurisdiction over § 946.6 petitions").

In *Luers*, the Central District noted that—at the time—Section 946.6 indicated "[t]he proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of the action." *Luers*, 941 F. Supp. at 107.  The Central District observed "the Law Revision Commission Comments to section 946.6 noted that the language related to 'proper court' was adopted to eliminate a "'State venue problem' caused by the fact that without such language, venue for a petition related to claims against the state could only lie in counties in which the Attorney General maintains an office, i.e., at that time, Sacramento, San Francisco and Los

Angeles." *Id.* at 108.  Given the Law Revision Commission Comments, the Central District determined the language in Section 946.6 was not "intended to include a federal court, as well as a state court, as one of the 'proper' courts." *Id.*  Thus, the Central District concluded the federal court "was not the proper court for presentation of [the] request for relief pursuant to California Government Code, section 946.6." *Id.*  Further, the court explained that "Section 946.6 contemplates a petition for relief in a separate civil proceeding, not a motion in an action which has already been filed in either state or federal court." *Id.* at 107-08.

Likewise, the Northern District determined in *Hernandez* that the federal court lacked the ability to grant relief under Section 946.6.  *Id.*, 996 F.Supp. at 977-78. The court observed:

> In addition to the legislative history of section 946.6 and the *Luers* decision, principles of federalism prevent federal courts from entertaining section 946.6 petitions. It is a fundamental tenet of federalism that waivers of sovereign immunity must come from the particular governments that will be subject to the resulting liability. For example, at common law, the doctrine of sovereign immunity exempted federal, state and local governments from tort liability arising from governmental activities except where a particular liability was imposed by statute. *See People v. Superior Court*, 29 Cal. 2d 754, 756, 178 P.2d 1 (1974).

*Hernandez*, 996 F.Supp. at 978.  The court explained that application of Section 946.6 "necessarily involves judicial decision regarding the waiver of California's immunity, section 946.6 petitions must be left to the state judiciary." *Id.*  The Northern District concluded, "Absent an express directive from the legislature to the contrary, the court lacks subject matter jurisdiction to consider section 946.6 petitions." *Id.*

Significantly, Section 946.6 was amended in 2002—after the decisions in *Luers* and *Hernandez*—and "has become more specific."  *See Hill v. City of Clovis*, 2012 WL 787609 at *12 (E.D. Cal. Mar. 9, 2012).  As this Court observed, under the amended statute, "[t]he 'proper court' for obtaining relief is no longer [simply] 'a court,' rather it is now 'a superior court.'" *Id.*, 2012 WL 787609 at *12.  Thus, the Court explained, "Since § 946.6(a) was amended to identify a specific court, and that court is the state superior court, this Court will … conclude that only state superior courts have been given the authority to grant relief pursuant to § 946.6(a))." *Id.* (citing e.g., *Maximo v. San Francisco Unified Sch. Dist.*, 2011 WL 1045292 at *6 (N.D. Cal. Mar. 21, 2011); *Ludavico*, 2009 WL 616868 at *5; *Ovando v. City of Los Angeles*, 92 F.Supp.2d 1011, 1022 (C.D. Cal. 2000) ["the question

presented by a § 946.6 petition… is whether a claimant should be relieved of his obligations under the Act and is separate from the merits and not properly within a federal court's subject matter jurisdiction"]; *Hernandez*, 996 F.Supp. at 978; *Luers*, 941 F.Supp. at 108)  Because the Court did not have authority to grant relief under Section 946.6, it determined "any argument regarding excusable neglect is unavailing." *Hill*, 2012 WL 787609 at *12.

In *Garza v. Alvara*, this Court again concluded it does not have the authority to grant the relief requested under Section 946.6, and such authority is reserved only for the state court. *Garza v. Alvara*, Case. No. 1:15-cv-0234-DAD-SKO, 2016 WL 4921542 (E.D. Cal. July 8, 2016) *adopted* 2016 WL 4899676 (E.D. Cal. Sept. 13, 2016).  The assigned magistrate judge recommended dismissal of the plaintiff's state law claims for failure to comply with the tort claim requirement, noting that "federal courts do not have jurisdiction over § 946.6 petitions." *Id.*, 2016 WL 4921542 at *8, 10 ("this Court is not the proper court for presentation of Plaintiff's Petition for relief pursuant to Cal. Gov't Code § 946.6(a)").  The magistrate judge concluded, "Because this Court is <u>not</u> the proper court for obtaining relief from the Board's determination, the Court has <u>no</u> jurisdiction to hear Plaintiff's appeal from the Board's denial of his claim, either as untimely or on the merits." *Id.*, at *11 (emphasis in original). Therefore, the magistrate judge recommended Plaintiff's Section 946.6 petition be dismissed for lack of subject matter jurisdiction. *Id.*  Reviewing the findings and recommendations, Judge Drozd observed that "a petition for relief from the claim presentation requirements of the Government Claims Act must be filed *in a proper state court*." *Hill*, 2016 WL 4899676 at *2 (emphasis added).  Further, the Court found "the governing statue, California Government Code § 946.6, does not provide a procedure for remand[ing]" the issue to a state court. *Id.* Therefore, the recommendation that Plaintiff's petition be dismissed was adopted in full. *Id.*

Similarly here, Plaintiff is petitioning the federal court for relief under Section 946.6, asserting the Court should grant judicial relief on the grounds of excusable neglect for the late filing and estoppel.  (*See* Doc. 11 at 2-3, 9) However, as discussed above, this Court does not have authority to grant the relief requested under Section 946.6.  *See* Cal. Gov't Code §946.6(a); *see also Hill*, 2012 WL 787609 at *12 ("[b]ecause this Court does not have authority to grant relief under § 946.6(a), any argument regarding excusable neglect is unavailing"); *Garza*, 2016 WL 4921542 (finding the Court had

7

"no jurisdiction" to consider the plaintiff's petition under Section 946.6, whether reviewing the timeliness of the government tort claim or the merits); *see also Casey v. City of Santa Rosa*, 2019 WL 2548140 at *4 (N.D. Cal. June 20, 2019) (finding the federal court lacked authority to grant relief under Section 946.6 where the plaintiff argued his delay in filing a tort claim was due to excusable neglect, and the plaintiff was required to file a petition with the state superior court).

## IV.     Findings and Recommendations

Because this Court lacks the authority to grant the relief requested under Section 946.6, the Court recommends Plaintiff's petition (Doc. 11) be **DENIED** for lack of jurisdiction.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within 14 days after being served with these Findings and Recommendations, any party may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **November 9, 2020**              **/s/ Jennifer L. Thurston**
                                                                     UNITED STATES MAGISTRATE JUDGE