# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B.,<br><br>   Plaintiff,<br><br>   v.<br><br>COUNTY OF KERN, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-1337 JLT BAK (SAB)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 18) |

A.B. asserts that in February 2019, Deputy Michael Clark and the County of Kern violated her rights arising under federal and state law. She contends she suffered gender violence and sexual battery in violation of California law, as well as several civil rights violations. (*See generally* Doc. 13.)

The County seeks dismissal of several causes of action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting Plaintiff is unable to proceed on claims arising under state law following her failure to comply with the California Government Claims Act. In addition, the County seeks dismissal of Plaintiff's claim arising under the Unruh Act. (Doc. 18.) Plaintiff opposes dismissal, arguing the facts alleged are sufficient to support her claims. (Doc. 21.) The Court finds the matter suitable for decision without oral arguments, and no hearing date will be set pursuant to Local Rule 230(g). For the reasons set forth below, the motion to dismiss is **GRANTED,** and Plaintiff's claims arising under state law are dismissed without prejudice.

///

1

## I.  Background and Allegations

Plaintiff asserts her boyfriend "went to prison in approximately October of 2016 for the alleged robbery of a Kern County Sheriff's deputy's home." (Doc. 21-1 at 2, A.B. Decl. ¶ 3(a).)  She contends that after his release in October 2018, she, and her boyfriend "have suffered harassment from Kern County Sheriff's deputies." (*Id.*)  For example, Plaintiff alleges her "boyfriend was arrested for allegedly driving without a license and for allegedly having possession of a stolen vehicle" in July 2018. (*Id.*, ¶ 3(b).)  According to Plaintiff, her "boyfriend submitted a harassment claim against several Kern County Sheriff's Office deputies" in late January 2019. (*Id.*)

Plaintiff alleges defendant Clark and other deputies with the Kern County Sheriff's Department arrived at her residence at approximately 1:30 a.m. on February 14, 2019. (Doc. 13 at 7, ¶ 14(c).)  Plaintiff reports she "was at home with [her] boyfriend and his mother" when three deputies arrived and announced, "Probation sweep!" (Doc. 21-1 at 2, Decl. ¶ 3(d).)  She asserts the deputies, including Clark, "conducted a search of Plaintiff's residence," after which the deputies "announced that they would be placing Plaintiff under arrest." (Doc. 13 at 7, ¶ 14(e)-(f).)  According to Plaintiff, "Clark handcuffed Plaintiff and performed a body search in the presence of the remaining deputies." (*Id.*, ¶14(g), emphasis omitted.)  She alleges, "During this time, Deputy DOE 1, asked Plaintiff 'Are you sure you still want to testify?'" (*Id.*)  She asserts she "understood this question to be a threat intended to intimidate [her] and to prevent [her] from testifying on behalf of [her] boyfriend." (Doc. 21-1 at 3, Decl. ¶ 3(e).)

Plaintiff asserts Clark then "took Plaintiff to his patrol vehicle," where Clark "opened the rear door, pushed Plaintiff against the car, and performed another search of Plaintiff's body." (Doc. 13 at 8, ¶ 14(h).) She alleges Clark "touched, rubbed, stroked, grabbed, groped, fondled, and/or molested Plaintiff's vagina and breasts." (*Id.*, ¶ 14(i).)  In addition, Plaintiff asserts that Clark "put his finger down the rim of [her] pants." (*Id.*, ¶14(j))

According to Plaintiff, Clark and unidentified deputies "transported Plaintiff in the patrol vehicle to a parking lot," after driving "for about 30 to 45 minutes." (Doc. 13 at 8, ¶14(k).)  She asserts she informed the deputies "that she was not feeling well and that she suffered from hypoglycemia." (*Id.*)  Plaintiff alleges Clark exited the vehicle and Plaintiff was left "inside with all windows closed

and the heater on high for approximately twenty minutes." (*Id.*)  In addition, she asserts the deputy identified as "DOE 1" then yelled "fuck you!" at Plaintiff "and walked away laughing." (*Id.*)  She alleges that once transported to the jail, she was held "for 38 hours," during which time the deputies "failed to provide Plaintiff with any food or water…, although she made several requests for such" and informed them of her hypoglycemia.  (*Id.* at 8-9, ¶14(l).)

Plaintiff alleges Defendants—including the County, Clark and unidentified "Doe" deputies— "threatened and intimidated Plaintiff to commit violence against Plaintiff, threatened to retaliate against Plaintiff and/or Plaintiff's boyfriend if she told anyone about his actions."  (Doc. 13 at 9, ¶ 14(m).)  In addition, she contends Defendants "threatened, intimidated, instructed, mislead, and/or otherwise affirmatively represented to Plaintiff not to file any claim or tell anyone about Defendant [Michael Clark's] actions, intended to prevent Plaintiff from timely filing a claim, and/or otherwise deterred Plaintiff from filing a claim."  (*Id.*, ¶14(n).)  She alleges that after February 14, 2019, "the Sheriff's Department continued to actively harass and intimidate Petitioner the rest of the year."  (Doc. 11 at 8, citing A.B. Decl. ¶3(g).)  For example, Plaintiff reports that she and "her boyfriend were pulled over by deputies near Hart Park without justification and searched for guns" in October 2019.  (Doc. 21-1 at 4, Decl. ¶ 3(g).)  Plaintiff alleges the "threats and intimidation did in fact induce and otherwise estop [her] from timely filing a claim or telling anyone" about Clark's actions.  (Doc. 13 at 9, ¶ 14(o).)

Plaintiff reports she "felt it was safe enough to come forward once Defendant Michael Clark was arrested and let from the Kern County Sheriff's Office."  (Doc. 13 at 9, ¶ 14(p).)  On February 13, 2020, Plaintiff applied to present a late claim, one day before the expiration of the statutory deadline identified in Cal. Gov't Code § 911.4.  (*Id.* at 6, ¶ 13.)  Plaintiff acknowledges her "application for Leave to Present a Claim [was denied] on February 21, 2020."  (*Id.*)

On August 18, 2020, Plaintiff filed a complaint against the County, Clark, and "Doe" deputies in Kern County Superior Court, Case No. BCV-20-101930.[1]  The County was served with the

---

[1] The Court takes judicial notice of the Kern County Superior Court docket in Case No. BCV-20-101930, including the filing dates and documents publicly available. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (judicial notice may be taken of "undisputed matters of public record, including documents on file in federal or state courts"). This docket is available at https://www.kern.courts.ca/gov.

3

summons and complaint on August 20, 2020. (Doc. 2 at 2, 4.) Defendants filed a Notice of Removal on September 18, 2020, thereby initiating the matter before the Court. (Doc. 2.) On October 29, 2020, Plaintiff filed her First Amended Complaint, in which she identified the following causes of action: (1) violation of her civil rights under 42 U.S.C. § 1983; (2) gender violence in violation of Cal. Civil Code § 52.4; (3) violation of her rights under Cal. Civil Code § 51.9; (4) violation of California's Unruh Civil Rights Act; (5) negligent hiring, training, retention, supervision, and/or discipline; (6) assault; (7) intentional infliction of emotional distress; (8) conspiracy; and (9) sexual battery in violation of Cal. Civil Code § 1708. (*See* Doc. 13 at 2-3, 11-20.)

The County filed its motion to dismiss now pending before the Court on October 23, 2020. (Doc. 18.) Plaintiff filed her opposition to the motion on November 6, 2020 (Doc. 21), to which the County filed a reply on November 13, 2020 (Doc. 23).[2]

## II.     Motions to Dismiss

A Rule 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal of a claim under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Thus, under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

The Supreme Court explained: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained,

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

---

[2] As the parties were informed on September 22, 2020, the Eastern District of California has been in a state of judicial emergency while this motion was pending resolution. (*See* Doc. 7-3.) The action was assigned to the undersigned on January 7, 2022. (*See* Doc. 35.)

4

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Assoc. v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). To the extent pleading deficiencies can be cured by the plaintiff alleging additional facts, leave to amend should be granted. *Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### III.    Discussion and Analysis

The California Government Claims Act ("the Claims Act") requires the timely presentation of a written claim and the government entity's rejection of the claim, in whole or in part. Cal. Gov't Code § 905; *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). This requirement applies to both individual and official capacity claims against employees of public entities. *See* Cal. Gov't Code § 950.2 ("a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred..."). Compliance with the Claims Act is mandatory, and failure to allege compliance constitutes a failure to state a cause of action and subjects such claims to dismissal. *See* Cal. Gov't Code § 945.4; *Brown v. Yates,* 2008 WL 928119, at *3 (E.D. Cal. Apr.4, 2008) ("Presentation of a written claim and action on, or rejection of, the claim are conditions to suit.").

The County seeks dismissal of Plaintiff's claims arising under state law because Plaintiff "admittedly failed to comply with the California Government Claims Act." (Doc. 18 at 1.) Plaintiff opposes dismissal, asserting the Court should apply the doctrine of equitable estoppel because the County's "agents/ employees deterred Plaintiff from presenting a timely Government Tort Claim through acts of intimidation." (Doc. 21 at 7, emphasis omitted.) Plaintiff also requested relief from this Court from the claim presentation requirements pursuant to Cal. Gov't Code § 946.6, asserting she was deterred from presenting a timely claim through acts of intimidation and the Court should found

the defendants were estopped from raising her failure to comply with the Claims Act. (*See* Doc. 11 at 9-17.) However, the district court lacks jurisdiction to grant such relief and the request was denied. (Docs. 22, 27.)

As the Court informed the parties previously—though after the pending motion and Plaintiff's opposition thereto were filed—the authority to grant judicial relief from the claim presentation requirements is reserved to the California Superior Courts. *See, e.g., Hernandez v. McClanahan*, 996 F. Supp. 975, 978-79 (N.D. Cal. 1998); *Luers v. Smith,* 941 F.Supp.105, 107-08 (C.D. Cal. 1996) (concluding the state legislature did not intend for federal courts grant relief from claim presentation requirements). The district court is unable to grant the relief requested or determine the doctrine of equitable estoppel is applicable to Plaintiff's failure to comply with the Claims Act, because such a finding would impose upon the jurisdiction reserved to the California Superior Courts.[3]

Notably, the matter before the Court is similar to the facts addressed in *Hernandez* by the Northern District. In *Hernandez*, the plaintiff timely submitted applications to file late tort claims, but the applications were denied. *Id.*, 996 F. Supp. at 976. Hernandez filed a complaint with the district court and sought relief from the Claims Act requirements pursuant to Section 946.6. *Id.* at 977. However, the court found the requested relief was reserved to the state court and dismissed the claims arising under state law without prejudice. *Id.* at 978. Similarly, here, Plaintiff applied to file a late tort claim before the statutory deadline, which was denied.[4] (Doc. 13 at 6, ¶ 13.) Because the Court lacks jurisdiction to provide relief from the Claims Act requirements, Plaintiff's claims arising under state law must be dismissed. *See Hernandez*, 996 F. Supp. at 978-79; *Garza v. Alvara*, 2016 WL 4921542, at *9-12 (E.D. Cal., July 8, 2016) (finding this Court lacked jurisdiction to grant the requested relief and recommending dismissal of state law claims for the failure to comply with the Claims Act),

---

[3] Moreover, Plaintiff fails to allege facts to support a claim for estoppel. When, as here, a claim for estoppel is based upon threats or intimidation, courts must consider "(1) whether any threats were in fact made …, (2) when the effect of any such threats ceased, or (3) whether plaintiffs acted within a reasonable time after the coercive effect of the threats had ended *John R. v. Oakland Unified Sch. Dis*t., 48 Cal. 3d 438, 446 (1989) (citations omitted). Plaintiff fails to allege *any* facts related to what threats or acts of intimidation were made by the defendants, or when, in her complaint. Further, the only act identified in her declaration occurred in October 2019, more than six months after the accrual of her claim.

[4] The Court previously found that it lacked jurisdiction to grant the relief. (Doc. 27) Nevertheless, apparently, the plaintiff failed to apply to the state court for relief.

6

*adopted* 2016 WL 4899676, at *1-2 (E.D. Cal. Sept. 14, 2016).  Accordingly, the motion to dismiss the second, third, fourth, fifth, sixth, seventh, eighth, and ninth causes of action—each arising under California law— is granted.

### IV.     Request for Leave to Amend

Plaintiff requests the Court grant her leave to amend if the motion to amend is granted.  (Doc. 21 at 10.)  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  However, a request for leave to amend "may be denied if it appears to be futile or legally insufficient."  *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).  Due to Plaintiff's failure to comply with the Claims Act presentation requirements, any amendment for these claims would be futile.  Therefore, Plaintiff's request is denied.

### V.     Conclusion and Order

Because the Court finds dismissal of the state law claims is necessary for Plaintiff's failure to comply with the Claims Act, it does not reach the alternative arguments presented related to the claim arising under California's Unruh Civil Rights Act.

For the reasons set forth above, the Court **ORDERS**:

1. The motion to dismiss (Doc. 18) is **GRANTED**;
2. Plaintiff's second, third, fourth, fifth, sixth, seventh, eighth and ninth causes of action in the First Amended Complaint are **DISMISSED** without prejudice; and
3. The action shall proceed only upon the first cause of action in the First Amended Complaint, for a violation of civil rights arising under 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:     **January 28, 2022**

_____
UNITED STATES DISTRICT JUDGE